IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37082

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 604 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 24, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMES J. FLEMING, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Fred M. Gibler, District Judge.

Judgment of conviction and unified sentences of forty years, with fifteen years determinate, for lewd conduct with a minor under sixteen, and twenty-five years, with fifteen years determinate, for sexual abuse of a child under the age of sixteen, affirmed; order denying I.C.R. 35 motion for reduction of sentences, affirmed.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge, GUTIERREZ, Judge
and GRATTON, Judge

_____

PER CURIAM

James J. Fleming appeals from his judgment of conviction and unified sentences of forty years, with fifteen years determinate, for lewd conduct with a minor under sixteen, I.C. § 18-1508; and twenty-five years, with fifteen years determinate, for sexual abuse of a child under the age of sixteen, I.C. § 18-1506. He also appeals the denial of his Idaho Criminal Rule 35 motion for reduction of the sentence. We affirm.

Where a sentence is within the statutory limits, it will not be disturbed on appeal absent an abuse of the sentencing court's discretion. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331

1

(1989). We will not conclude on review that the sentencing court abused its discretion unless the sentence is unreasonable under the facts of the case. *State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992). In evaluating the reasonableness of a sentence, we consider the nature of the offense and the character of the offender, applying our well-established standards of review. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

A motion for reduction of a sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 159 P.3d 838 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho 447, 680 P.2d 869.

Having reviewed the record, we conclude that the district court did not abuse its discretion in imposing Fleming's sentences nor in denying Fleming's Rule 35 motion for reduction of those sentences. The judgment of conviction and sentences, and the order denying Fleming's Rule 35 motion, are affirmed.